UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DANNY BRYAN,

    Plaintiff,

v.                                CASE NO: 3:14-cv-341/MCR/EMT

TELLY LAMAR WHITFIELD, AND
MEADOWBROOK MEAT COMPANY INC.,

    Defendants.
_____/

## ORDER

    This is a negligence suit involving injuries Plaintiff Danny Bryan suffered in a motor vehicle accident. A jury trial on damages is scheduled to begin Monday, July 27, 2015. Four motions remain pending: Defendant's Fourth Motion in Limine, which seeks to preclude comments by the parties, witnesses, or counsel indicating that Bryan's injuries are consistent with an IED exploding near his head and/or that he is "lucky to be alive" (Doc. 83); Defendant's Fifth Motion in Limine, which likewise seeks to preclude any comments or argument that because of the accident, Bryan is at risk or is afraid of losing his job (Doc. 84); Defendant's Motion for Extension of Time to File Motions in Limine, in which Defendant seeks permission to file its Fourth and Fifth Motions in Limine after the Court's deadline for filing the motions (Doc. 87); and Defendant's Sixth Motion in Limine, filed late yesterday afternoon (Doc. 97). Having carefully considered the parties' arguments, the Court finds that the Motion for Extension of Time should be granted; that Defendant's Fourth, Fifth, and Sixth Motions in Limine should be denied, except as to Plaintiff's proposed IED analogy.

**Background**

    This case involves injuries Plaintiff suffered in a motor vehicle accident that occurred on March 17, 2012, on Interstate 10 in Santa Rosa County, Florida. On June 6, 2014, Bryan filed a one-count complaint alleging that Defendant, Telly Lamar

Whitfield, acted negligently when he failed to stop his semi tractor-trailer after the vehicles in front of him slowed to a stop, causing a multi-car collision that included Bryan's car.  Bryan alleges that he suffered a traumatic brain injury as a result of the accident, and he filed this suit seeking to recover both economic and non-economic damages.

At the time of the accident, Bryan was employed by the Escambia County School District as an accountant with the title of financial analyst.  Bryan returned to work approximately 67 days after the accident, but he claims his performance has suffered and that his work load has been dramatically reduced.  Defendants have stipulated that "Whitfield was negligent in causing the . . . accident and that Meadowbrook . . . is vicariously liable under *respondeat superior* for his negligence."[1]  *See* Doc. 40.  In their Amended Pretrial Stipulation, the parties state that there is no dispute that "Bryan suffered permanent injuries and incurred damages as a result of the accident," Doc. 89, at 2, and identify only one issue remaining for trial:  Bryan's "amount of non-economic damages to be recovered in the past and in the future."  *Id*. at 15.

**Discussion**

The Court first considers Defendant's Motion for Extension of Time, in which Defendant seeks permission to file its Fourth and Fifth Motions in Limine four days after the filing deadline set by the Court.  Defendant bases its motion on Fed. R. Civ. P. 6(b)(1)(B), under which the Court may, for good cause, extend the time for filing a motion after the time for doing so has expired if the party missed the deadline due to "excusable neglect."  *See* Fed. R. Civ. P. 6(b)(1)(B).

Defendant states that the late filing was due to its attorney's  "calendaring error," and that Bryan will not be prejudiced by the late filing because Defendant sent drafts of the motions to Bryan's counsel several days before they were due to be filed and advised Bryan's counsel of its intent to file them.  Defendant also notes that it missed the filing deadline by only a few days, and that its counsel acted in good faith by immediately filing the motions, along with the motion for extension of time, upon realizing her mistake.  Bryan has not filed a response to the motion; however, the

---

[1] The parties have also stipulated to Whitfield's dismissal.  *See* Doc. 77, 78.

Amended Pretrial Stipulation states that Bryan "objects to any motions in limine filed subsequent to the Court's deadline . . . ." Doc. 89, at 16.

Excusable neglect is an equitable finding based on the Court's consideration of multiple factors, including the danger of prejudice to the opposing party, the length of the delay, the reason for the delay, and whether the movant acted in good faith. *See United States v. $183, 791.00 in U.S. Currency*, 391 F. App'x 791, 796 (11th Cir. 2010) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993)). Having considered the matter in light of these factors, the Court finds that the motion should be granted because Defendant has shown excusable neglect due to a simple calendaring error, and Bryan, who had notice of Defendant's intent to file the Fourth and Fifth Motions in Limine by late June, is not prejudiced by the short filing delay. A three to four day delay is minimal, especially in light of the fact that Defendant filed its Fourth and Fifth Motions in Limine a few hours *prior* to filing its Motion for Extension of Time, which implies good faith on Defendant's counsel's part in promptly attempting to correct her mistake. Accordingly, the Court will grant the motion. *See It's A Ten, Inc. v. O'Rourke Holdings, LLC,* No. 12–62138–CIV, 2013 WL 4029062 (S.D. Fla. Aug. 8, 2013) (finding excusable neglect where an "avoidable but not unreasonable" calendaring issue was to blame and permitting twelve additional days to file the untimely motion when the motion for extension of time to file was filed two days after the original filing deadline passed); *Kirkland v. Guardian Life. Ins. Co. of Am.*, 352 F. App'x 293, 297 (11th Cir. 2009) (finding that district court did not abuse its discretion in allowing answer to complaint to be filed one day after the filing deadline due to attorney's calendaring error).

Defendant's Fourth Motion in Limine seeks to preclude any comment by the parties, witnesses, or counsel indicating that Bryan's injuries are consistent with an IED exploding near his head or that he is "lucky to be alive." With respect to the IED analogy, Defendant argues that the comment should not be permitted because Bryan has presented no evidence that would support a comparison between a car accident and an IED explosion. Defendant also argues that the comment should be excluded under Federal Rule of Evidence 403 because it will likely mislead jurors by causing them to resolve the matter on emotion. Bryan responds that "[a]lthough [he] does not

have firm plans to make [the IED explosion] comment to the jury, [he] is entitled to make this analogy in his closing argument" because "the evidence to be presented to the jury will demonstrate that [Bryan] received a significant and life-altering closed head injury." Doc. 95, at 3.  In addition, Bryan argues that Rules 401 and 403 do not apply to arguments made by counsel, because attorney comments are not evidence and Rules 401 and 403 apply only to the admission of evidence.

Although an attorney is given a certain amount of leeway in arguments to the jury, a trial judge has wide discretion in regulating the scope of an attorney's argument. *See Comm. Credit Equip. Corp. v. L & A Contracting Co.,* 549 F.2d 979, 981 (5th Cir. 1977).  During closing arguments, an attorney may not make improper suggestions to mislead the jury or appeal to the jury's "passion or prejudice," *United States v. Rodriguez*, 765 F.2d 1546, 1560 (11th Cir. 1985), and a "blatant appeal to jurors' emotions" is improper, *see Ruiz v. State*, 743 So.2d 1, 6-7 (Fla. 1999).

Bryan's IED analogy, which has military connotations far removed from the facts of this case, is highly inflammatory and far too likely to appeal to a juror's passion and emotion.  Thus, the comment will not be permitted.  The Court will defer a decision on whether to prohibit Bryan's counsel from drawing an analogy to a bomb explosion in general, depending on the evidence presented at trial.

Next, Defendant argues that the Court should preclude Bryan, his attorney, and any witnesses from making comments indicating that Bryan is "lucky to be alive" or that "it's amazing he survived" the accident.  Defendant argues that the unfair prejudice caused by such comments outweighs any probative value they may have, as the statements imply that the accident was so bad that Bryan should have been killed, a clear appeal to the jurors' emotions.  *See Old Chief v. United States*, 117 S.Ct. 644, 650 (1997) ('Unfair prejudice' . . . means an undue tendency to suggest decision on an improper basis, commonly . . . an emotional one.") (citing Advisory Committee Notes on Fed. R. Evid. 403).  In response, Bryan argues that the comments are reasonable

inferences from the evidence he intends to present at trial.[2]  The Court will defer ruling on this issue until after hearing the evidence at trial.

In its Fifth Motion in Limine, Defendant seeks to preclude any comments, suggestion, or argument that Bryan is afraid of losing his job as a result of the injuries he incurred in the accident.  Defendant makes two arguments in support of the motion: that Florida law does not support recovery for such a claim, and that Bryan's claimed fear is speculative and unsupported by the evidence.  In response, Bryan argues that no Florida cases prohibit this type of evidence from being presented to the jury, and instead the case law suggests that these claims are best resolved by the jury.  *See, e.g., Swain v. Curry*, 595 So. 2d 168 (Fla. 1st DCA 1992) (reserving for the jury the determination of the reasonableness of plaintiff's "fear of" cancer claim).  Bryan further argues that there is sufficient evidence to support his claim.

The parties debate the extent to which Bryan's claimed fear is reasonable.  Bryan has presented evidence indicating that he has had problems with short-term memory and other neurological issues since the accident, and that his job responsibilities have been reduced.  *See* Bryan Dep., Doc. 96-1, at 8 (stating that he has been given "a lot less duties" since the accident).  Bryan states that his "fear is that they're going to try to push me out, just slowly push me out; that's what my biggest fear is."  *Id.* at 37.  To the extent Bryan is able to show at trial that he has suffered mental anguish over his fear of losing his job, the claim is permissible and evidence to support the claim will be admitted.  Although the parties debate the reasonableness of Bryan's fear, such concerns go to the weight of the evidence, rather than its admissibility.  *Cf. Cutler-Hammer v. Crabtree*, 54 S.W.3d 748, 755 (Tenn. 2001) (finding plaintiff's mental injury, which consisted of fear of losing his job and depression, compensable in a worker's compensation suit because the mental injury was caused by a physical injury that occurred during the course of plaintiff's employment).

---

[2] Each party cites cases where a trial court either allowed or disallowed a similar comment.  The cited cases, however, are criminal cases with no analysis of the attorney's "lucky to be alive" comment.  *Compare United States v. Cardenas-Sanchez*, 352 F. App'x 338, 342 (11th Cir. 2009) (noting that a prosecutor was permitted to make a "lucky to be alive" comment during closing argument in a criminal case involving a dangerous drug conspiracy); *with Bryant v. State*, 395 S.E.2d 385 (Ga. Ct. App. 1990) (noting that the trial judge in a criminal case sustained defense counsel's objection to, and instructed the jury to disregard, the prosecutor's comment in closing argument that the plaintiff was "lucky to be alive").

In its Sixth Motion in Limine filed late afternoon on Friday, July 17, 2015 (Doc. 97), Defendant moves to preclude Plaintiff's witness, Terry St. Cyr, from testifying as to matters pertaining to Bryan's fear of losing his job because his proposed testimony is beyond the scope of his deposition testimony. Defendant filed this motion eleven days after the deadline for filing motions in limine and three days before the pretrial conference. Unlike Defendant's Fourth and Fifth Motions in Limine, Defendant has not shown "excusable neglect" for filing the instant motion eleven days past the deadline, *see* Fed. R. Civ. P. 6(b)(1)(B), and Defendant was aware of the grounds for its argument, which relates to Bryan's mental anguish claim, several days before the filing deadline passed. Given that counsel missed the filing deadline by nearly two weeks, counsel has no basis to argue that she acted in good faith by filing the instant motion immediately after realizing her mistake as to the proper filing deadline. Thus, the motion will be denied.

Accordingly, IT IS ORDERED:

1. Defendant's Motion for Extension of Time to File Motions in Limine, in which Defendant seeks permission to file its Fourth and Fifth Motions in Limine after the Court's deadline for filing the motions (Doc. 87) is **GRANTED**;

2. Defendant's Fourth Motion in Limine (Doc. 83) is **GRANTED** in part and **DENIED** in part, as follows:

    a. Bryan's IED analogy will not be permitted. The Court does not intend, however, to prohibit Bryan's counsel from drawing an analogy to a bomb in general, depending on the evidence presented at trial.

    b. Regarding comments indicating that Bryan is "lucky to be alive" or that "it's amazing he survived" the accident, the Court **DEFERS** ruling on the motion until hearing the evidence presented at trial.

3. Defendant's Fifth Motion in Limine (Doc. 84) is **DENIED**. To the extent Bryan is able to show at trial that he has suffered mental anguish over his fear of losing his job, the claim is permissible and evidence to support the claim will be admitted.

4. Defendant's Sixth Motion in Limine (Doc. 97) is **DENIED**.

**DONE AND ORDERED on this 18th day of July, 2015.**

*M. Casey Rodgers*
**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**